**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN LADYANSKY and** | : | **CIVIL ACTION** |
| **BARBARA LADYANSKY,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 11-cv-102** |
| | : | |
| **COOPER WHEELOCK, INC. and** | : | |
| **SIMPLEX GRINNELL, LP,** | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

**SITARSKI, M.J.**                                                    **March 29, 2012**

Currently pending before the Court is Plaintiffs' Motion to Amend the Complaint to Conform to the Evidence (Doc. No. 49), SimplexGrinnell's Opposition to Plaintiffs' Motion to Amend the Complaint to Conform to the Evidence (Doc. No. 50), and Plaintiffs' Rebuttal to SimplexGrinnell's Opposition to Plaintiffs' Motion to Amend the Complaint to Conform to the Evidence (Doc. No. 53). Also before the Court is SimplexGrinnell's Motion for Entry of Final Judgment (Doc. Nos. 51-52) and SimplexGrinnell's Reply in Support of its Motion for Entry of Final Judgment (Doc. No. 54). As more fully set forth herein, Plaintiffs' Motion to Amend is **DENIED**, and Simplex's Motion for Entry of Final Judgment is **GRANTED**.

**I.        FACTS AND PROCEDURAL HISTORY**

Plaintiffs Stephen and Barbara Ladyansky ("Plaintiffs") initiated this action by filing a Complaint in the Court of Common Pleas of Montgomery County on April 13, 2010, against Defendant Cooper Wheelock, Inc. ("Cooper"). *See* Simplex's Am. Notice of Removal ¶1, Ex. A. While in state court, Plaintiffs twice amended the complaint against Cooper. *See id.* at ¶2, Ex. B

& C.  Plaintiffs asserted that Cooper is liable under various legal theories for injuries sustained by Plaintiff Stephen Ladyansky when he was exposed to sound emitted from a fire alarm.[1]  *See* Pls.' Mot. to Amend ¶¶1-2.  On June 23, 2010, Cooper filed an Answer to Plaintiffs' Second Amended Complaint.  *See* Simplex's Am. Notice of Removal ¶3, Ex. D.  On December 10, 2010, Cooper filed a Joinder Complaint against SimplexGrinnell LP ("Simplex"), asserting that if Plaintiffs succeeded at trial, Simplex "is jointly and severally liable with Cooper on [P]laintiffs' causes of action and/or are liable over to defendant Cooper for contribution and/or indemnity."  *See* Simplex's Am. Notice of Removal, Ex. E.

This case arrived in federal court after Simplex filed a Notice of Removal (Doc. No. 1) on January 6, 2011, and an Amended Notice of Removal (Doc. No. 4) on January 13, 2011, to which Cooper consented.  *See* Simplex's Am. Notice of Removal, Ex. F.  On January 13, 2011, Simplex filed its Answer to Cooper's Joinder Complaint, which included a counterclaim against Cooper.  (Doc. No. 5).  Cooper filed a reply to the counterclaim on February 2, 2011.  (Doc. No. 15).  On March 1, 2011, upon the parties consent, the Honorable Juan R. Sanchez ordered this Court to conduct all proceedings and enter final judgment,  pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (Doc. No. 24).

On January 12, 2012, Cooper filed a Motion for Summary Judgment as to Plaintiffs' claims against it.  (Doc. No. 47).  Plaintiffs did not oppose the entry of summary judgment because, as Plaintiffs state, it became apparent during discovery that Cooper was not responsible for their injuries.  *See* Pls.' Mot. to Amend ¶7.  Accordingly, this Court granted the motion as

---

[1]  Specifically, Plaintiffs asserted: negligence, strict liability, breach of warranty, negligent infliction of emotional distress, and loss of consortium.  *See* Simplex's Am. Notice of Removal, Ex. C.

unopposed.  (Doc. No. 48).

On February 16, 2012, Plaintiffs filed the instant motion to amend their complaint, seeking to add Simplex as a defendant to the current action pursuant to Federal Rule of Civil Procedure 15(a)(2).  (Doc. No. 49).  On February 28, 2012, Simplex filed its response in opposition to Plaintiffs' motion (Doc. No. 50), as well as a Motion for Entry of Final Judgment and accompanying memorandum of law (Doc. Nos. 51-52).[2]  Plaintiffs filed a reply on March 2, 2012 – which addressed both the Motion to Amend and the Motion for Entry of Final Judgment. (Doc. No. 53).  Simplex filed a reply on March 8, 2012.  (Doc. No. 54).  This Court held oral argument on March 22, 2012.  Accordingly, this matter is now ripe for disposition.

## II.    DISCUSSION

### (A)    Plaintiffs' Motion to Amend the Complaint.

In general, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'"  *Bivings v. Wakefield*, 316 Fed. Appx. 177, 180 (3d Cir. 2009) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (*citing Foman*, 371 U.S. at 182).  "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."  *Id.* (*citing Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).  However, prejudice to the nonmovant is the "'touchstone for the denial of an amendment.'"  *Id.* (*quoting Lorenz*, 1 F.3d at 1414).  The decision to grant or deny an

---

[2]  Simplex's Motion for Entry of Final Judgment asserts that judgment should be entered in its favor because Plaintiffs do not (and cannot) have a pending claim against Simplex. Essentially, Simplex argues that if Plaintiffs' Motion to Amend is denied, this Court should enter final judgment in Simplex's favor.

opportunity to amend is ultimately within the discretion of the Court.  *Bivings*, 316 Fed. Appx. at 180 (*quoting Foman*, 371 U.S. at 182).

Here, Plaintiffs seek "leave to amend the Complaint to conform to the evidence and specifically, to have a direct claim against [Simplex]" pursuant to Federal Rule of Civil Procedure 15(a)(2).  Pls.' Mot. to Amend ¶9.  Plaintiffs concede that they have heretofore "not undertaken the formality of moving the Court to amend the Complaint to incorporate allegations originally made against [Cooper] to apply to the acts and omissions of [Simplex], despite having proceeded with the understanding that [Simplex] was responsible for such actions."  *Id.* at ¶8.  Plaintiffs argue that the motion should be granted because "there is no prejudice to [Simplex], as they have fully defended the instant matter as if the allegation have been brought directly against them by the Plaintiff, and will be unable to state any additional step or action that would have been taken had such Defendant been directly named in the initial Complaint."  *Id.* at ¶19.

In opposition, Simplex argues that the motion should be denied for the following reasons: (1) Plaintiffs did not attach a draft Amended Complaint;[3] (2)  the proposed claims are futile because the applicable statutes of limitations have expired; (3) the proposed claims are futile because Plaintiffs have not offered any expert testimony to support their claims; and (4) Simplex would be substantially prejudiced if the amendment were permitted so close to trial.  *See* Simplex's Resp. 2-11.

The Court concludes that Simplex's second and fourth arguments are determinative, and addresses each of these two arguments below.

---

[3]  Plaintiffs attached the proposed amended complaint to their Reply.  *See* Pls.' Reply, Ex. A.  Therefore, Simplex's argument concerning Plaintiffs' failure to attach the proposed amended complaint is moot.

### (1)     Futility

In the context of a Motion to Amend the Complaint, "'futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "In determining whether a claim would be futile, 'the district court applies the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" *Id.* (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434). The Third Circuit has stated that an amendment is futile if the amended complaint could not survive a motion to dismiss on the basis of the statute of limitations. *See Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) (*citing Riley v. Taylor*, 62 F.3d 86, 92 (3d Cir. 1995)).

Here, Plaintiffs' claims arise out of an injury occurring on June 18, 2008. *See* Pls.' Mot. to Amend ¶1. Plaintiffs proposed amended complaint alleges that Simplex is liable for, *inter alia*, negligence, strict liability, negligent infliction of emotional distress, and loss of consortium.[4] *See* Pls.' Proposed Am. Compl. For each of these claims, Pennsylvania's statute of

---

[4] "Loss of consortium is a derivative claim, and is, therefore, governed by the statute of limitations of the source claim." *Watson v. Bd. of Dirs. of William Penn Sch. Dist.*, No. 05-5760, 2006 WL 2506359, at *3 (E.D. Pa. Aug. 29, 2006) (*citing Patterson v. Am. Bosch Corp.*, 914 F.2d 384, 387 n.4 (3d Cir. 1990)). According to the proposed amended complaint, Plaintiffs' loss of consortium claim is based upon Simplex's negligence. *See* Pls.' Proposed Am. Compl. ¶¶33-34 ("Solely as a result of the negligence of the Defendant, the Plaintiff, Barbara Ladyansky, has, is, and will be caused to lose the society, comfort, companionship, support and consortium of her husband, Stephen Ladyansky."). Thus, the statute of limitations for negligence applies to the loss of consortium claim.

Also, Plaintiffs wish to assert that Simplex is liable for breach of warranty. In Pennsylvania, the statute of limitations for a breach of warranty claim is four years, and begins to run at the time of the tender or sale of the allegedly defective product. *See The Knit With v.*

limitations is two years – which expired on June 18, 2010.  *See* 42 Pa. Cons. Stat. § 5524.  The

instant motion for leave to file an amended complaint was filed on February 16, 2012, which is

more than six hundred days after the statutes of limitations expired.  Therefore, the claims within

Plaintiffs' proposed amended complaint are time-barred, unless the relation back doctrine

applies.

Federal Rule of Civil Procedure 15(c)(1)(C) "provides that an amendment naming a new

party will relate back to the original complaint for statute of limitations purposes only if several

prerequisites are satisfied."  *Arthur*, 434 F.3d at 207.  Specifically, for a claim to relate back

pursuant to Rule 15(c)(1)(C), the following requirements must be met:

> (1) the claim in the amended pleading must arise out of the "conduct, transaction, or occurrence" set forth in the original pleading; (2) within 120 days of institution of the action, the party to be brought in by amendment must have received "such notice of the . . . action that the party will not be prejudiced in maintaining a defense on the merits"; and, (3) within 120 days of institution of the action, the party to be brought in by amendment must have known or should have known that, "but for a mistake concerning the identity of the proper party," the action would have been brought against that party.[5]

---

*Knitting Fever, Inc.*, No. 08-4221, 2011 WL 1603118, at *3 (E.D. Pa. Apr. 27, 2011).  None of the pleadings provide  a specific date for when the allegedly defective product (i.e., the fire alarm system) was tendered or sold.  The proposed amended complaint states only that the fire alarm system was sold and installed "[o]n some date prior to June 18, 2008."  *See* Pls.' Proposed Am. Compl. ¶5.  At oral argument, Simplex surmised (citing no evidence to support the proposition) that the fire alarm was installed "about 15 years ago."  *See* Oral Arg. Tr. 4, Mar. 22, 2012.  This Court cannot rely on a wholly unsupported supposition to conclude that  the statute of limitations has run on Plaintiffs' breach of warranty claim.  Nevertheless, as discussed below, Plaintiffs' Motion to Amend to assert a breach of warranty claim against Simplex is denied on other grounds.  *See infra* Section II.A.2.

[5]  Rule 15(c)(1)(C) provides as follows:

> (1) An amendment to a pleading relates back to the date of the original pleading when:

*Id.* (*quoting* Fed. R. Civ. P. 15(c)). "The burden of proving each of the three conditions rests on the plaintiff." *Jamison v. City of York*, No. 09-1289, 2010 WL 3923158, at *3 (M.D. Pa. Sept. 30, 2010) (*citing Garvin*, 354 F.3d at 222); *Brown v. City of Phila.*, No. 09-5157, 2010 WL 1956245, at *3 (E.D. Pa. May 7, 2010) (*quoting Katzenmoyer v. City of Reading*, 158 F. Supp.2d 491, 497 (E.D. Pa. 2001)).

Here, Plaintiffs disputed the application of Rule 15(c)(1)(C) and asserted that Rule 15(c)(1)(B) applies. *See* Pls.' Reply 2-3; *see also* Oral Arg. Tr. 5. Plaintiffs did not address the three requisite conditions of Rule 15(c)(1)(C), despite having the burden of establishing that relation back is appropriate. Plaintiffs incorrectly concluded that Rule 15(c)(1)(B) applies to the current situation. "Rule 15(c)(1)(B) is inapplicable here because it only applies to amendments related to a current party, not to a newly-added party." *Giovanelli v. D. Simmons Gen. Contracting*, No. 09-1082, 2010 WL 988544, at *3 n.5 (D.N.J. Mar. 15, 2010) (applying Rule 15(c)(1)(C) where a plaintiff sought to add claims against a third-party defendant). This is true

---

> . . .
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The applicable time period provided by Rule 4(m) is 120 days. *See* Fed. R. Civ. P. 4(m).

even where Plaintiff seeks to add claims against a third-party defendant.  *See id.*; *see also Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173 (3d Cir. 1994) (applying Rule 15(c)(1)(C) where a plaintiff sought to add a claim against a third-party defendant).  Because Plaintiffs are seeking to assert claims against Simplex (a third-party defendant) for the first time, Rule 15(c)(1)(C) applies.

Despite shouldering the burden of establishing that relation back is appropriate, Plaintiffs have not provided any argument that the requirements of Rule 15(c)(1)(C) have been met.  *See Jamison*, 2010 WL 3923158, at *3 (*citing Garvin*, 354 F.3d at 222).  Plaintiffs have not demonstrated that Simplex knew or should have known that the action would have been brought against it within 120 days of the institution of the action.   Plaintiffs filed their original Complaint in state court on April 13, 2010 – and this Complaint did not assert any claims against Simplex.  Simplex became involved in this case on December 10, 2010 (i.e., 241 days later; after the two-year statute of limitations on Plaintiffs' state law tort claims had expired) when Cooper filed a Joinder Complaint against it.

At oral argument, Simplex asserted that there is no evidence that Simplex was "put on notice of an action against [Cooper] . . . that would put [Simplex] on notice that they either knew or should have known of a mistake" within the applicable 120 day window.  *See* Oral Arg. Tr. 15-16.  When asked whether Simplex had notice of the suit within this 120 days, Plaintiffs admitted that "Simplex could not have notice from us."  *See id.* at 26-27.  In other words, Plaintiffs have no basis to assert that Simplex  received notice within the 120-day window, as is required by Rule 15(c)(1(C).  *See id.* at 27.  There simply is no evidence that Simplex became aware of this action within the required time period.  Therefore, the relation back doctrine does not apply to Plaintiffs' negligence, negligent infliction of emotional distress, strict products

liability, or loss of consortium claims, and these claims are barred by the statute of limitations.

Accordingly, Plaintiffs' Motion to Amend to assert these claims will be denied as futile.[6]

---

[6] Simplex also argued that Plaintiffs could not meet the third condition of Rule 15(c)(1)(C) because Plaintiffs' failure to bring direct claims against Simplex did not constitute a mistake. *See* Simplex's Resp. 4-5; Oral Arg. Tr. 17-19. Because Plaintiffs failed to show that Simplex was given notice within the 120 day window, such analysis is unnecessary.

Additionally, at oral argument, Plaintiffs argued (for the first time) that the claims are timely based upon the discovery rule. *See* Oral Arg. Tr. 26. Of course, the statute of limitations begins to run when an injury is sustained. "'Once the statutory period has expired, the discovery rule triggers the tolling of the statute of limitations when the plaintiff is 'unable, *despite the exercise of reasonable diligence*, to discover the injury or its cause.'" *Harry Miller Corp. v. Mancuso Chem. Ltd.*, 469 F. Supp.2d 303, 312 (E.D. Pa. 2007) (*quoting Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006)) (emphasis in original). Stated differently, the discovery rule tolls the statute of limitations until the plaintiff knows or reasonably should know "'(1) that he has been injured, and (2) that his injury has been caused by another party's conduct.'" *Cooney v. Booth*, 210 Fed. Appx. 213, 218 (3d Cir. 2007) (*quoting Pearce v. Salvation Army*, 674 A.2d 1123 (Pa. Super. Ct. 1996)). The party asserting the application of the discovery rule bears the burden of establishing its applicability. *PSC Info Group v. Lason, Inc.*, 681 F. Supp.2d 577, 590 (E.D. Pa. 2010) (*quoting Cochran v. GAF Corp.*, 666 A.2d 245, 249 (Pa. 1995)). Pennsylvania courts apply the discovery rule "'in only the most limited of circumstances.'" *Harry Miller Corp.*, 469 F. Supp.2d at 313 (*quoting Dalrymple v. Brown*, 701 A.2d 164, 171 (Pa. 1997)).

"'The focus of the discovery rule inquiry should center upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others.'" *Robinson v. Lowe's Home Centers, Inc.*, No. 06-4403, 2007 WL 2739187, at *2 (E.D. Pa. Sept. 19, 2007) (*quoting Revell v. Port Auth. of N.Y. & N.J.*, 2007 WL 2462627, at *4 n.4 (D.N.J. Aug. 27, 2007)) (holding that the discovery rule does not apply where plaintiffs only learned of an additional defendant when the original defendant filed a joinder complaint). "Uncertainty as to the identity of a defendant is not the sort of lack of knowledge which triggers the discovery rule." *Id.; see also Bradley v. Conner*, No. 07-1347, 2007 WL 4241846, at *4-5 (W.D. Pa. Nov. 29, 2007) . "'The Pennsylvania Superior Court has generally found the discovery rule inapplicable in cases where a plaintiff was aware of an injury and its cause but had not determined the identity of the defendants within the limitations period.'" *Robinson*, 2007 WL 2739187, at *2 (*quoting In Re Mushroom Transp. Co.,* 247 B.R. 395, 400 n.8 (E.D. Pa. 2000)).

Here, Plaintiffs have not argued (nor could they) that the injuries at issue in this case went undiscovered. Plaintiffs merely asserted that they were unaware of Simplex (and it's alleged role in causing the injury) before the filing of the Joinder Complaint, despite trying "to ascertain through all of the diligence [they] could what happened here, who was responsible, who created

### (2)    Undue Delay/Prejudice

"Delay alone is not sufficient to justify denial of leave to amend." *Arthur*, 434 F.3d at 204 (*citing Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "'[H]owever, at some point, . . . delay will become 'undue,' placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing party.'" *Id.* (*quoting Adams*, 739 F.2d at 868). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Id.*; *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("Delay may become undue when a movant has had previous opportunities to amend a complaint."). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (internal citation omitted).

"Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Id.* (*citing Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "Prejudice means 'undue difficulty in prosecuting [or defending] a law suit as a result of a change in tactics or theories on the part of the other party.'" *Cummings v. City of Phila.*, No. 03-0034, 2004 WL 906259, at *3 (E.D. Pa. Apr. 26, 2004) (*quoting Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)).

> Courts have found undue prejudice to the non-moving party and denied leave to amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the

it." Oral Arg. Tr. 26.  This argument is unavailing.  Plaintiffs' lack of knowledge, mistake, or misunderstanding are not grounds for tolling the statute of limitations.  See *Bradley, supra*; *see also DiCicco v. Willow Grove Bank*, 308 F. Supp.2d 528, 534 (E.D. Pa. 2004).

10

> motion for leave was brought after summary judgment motions were
> filed.

*Id.*; *see also Cureton*, 252 F.3d at 273 (Courts consider whether "allowing an amendment would

result in additional discovery, cost, and preparation to defendant against new facts or new

theories.").

 In this case, Simplex argues that Plaintiffs have not explained their undue delay in

seeking to amend.  Simplex further argues that it would be substantially prejudiced if the

amendment is permitted at this stage.  *See* Simplex's Resp. 9-11.  On the question of prejudice,

Simplex contends that its litigation strategy was premised on the fact that the only claim brought

against it was for contribution and/or indemnification by Cooper.  *See id.* at 10; Oral Arg. Tr. 19-

20.  Given this, Simplex proceeded on the assumption that its liability was dependent upon

Plaintiff's first showing that Cooper was liable to Plaintiff.  Oral Arg. Tr. 19-21.  Simplex did not

notice any depositions, conducted only follow-up questioning at the depositions, did not file a

motion for summary judgment, and did not develop any claim against Cooper.  *See id.*;

Simplex's Resp. 10.  Simplex "stayed out of it" and "stayed silent," so as to avoid helping

Plaintiffs make their case against Cooper.  *See* Oral Arg. Tr. 19-20.

 On the other hand, if Plaintiffs would have asserted direct claims against Simplex from

the beginning, Simplex's strategy would have been very different.  Counsel for Simplex

represented as follows:

> So we're going to depose Cooper Wheelock, we're going to get
> much more into the nitty-gritty of the engineering, the testing.
> We're going to depose building managers, facilities managers.  But
> we stayed silent, because we knew that thus far they had not passed
> that hurdle, and we did not need to engage in any further discovery.

*See* Oral Arg. Tr. 21-22.  Also, Simplex's interaction with Cooper would've been "much more hostile and confrontational, because then it's now an allocation of liability."  *Id.* at 21.

Simplex also argues that prejudice would inure if the motion is granted, because such would "likely require continuing the trial date, conducting more discovery, and filing a summary-judgment motion." Simplex's Resp. 10.   Plaintiffs disagree that Simplex would be substantially prejudiced because "[Simplex] participated in all discovery and depositions and had the opportunity to file a motion for summary judgment should it have wished to do so."  *See* Pls.' Reply 4.  Plaintiffs also argue that Simplex did not provide reasons why continuing the trial date or additional discovery would be necessary.  *Id.* at 5.

This Court finds that Plaintiffs did not provide any reason, much less an adequate reason, to excuse the undue delay.  Plaintiffs filed their original Complaint on April 13, 2010, which did not assert any claims against Simplex.  Plaintiffs also filed two amended complaints in state court, which likewise did not assert claims against Simplex.  Simplex only became involved in this case on December 10, 2010 when Cooper filed a Joinder Complaint against it.  At this time, Plaintiffs became aware that Simplex was potentially liable to them.  Plaintiffs did not seek to add Simplex as an original defendant (instead of a third-party defendant) until February 16, 2012 – more than twenty-two months after the initiation of this action, and more than fourteen months after Simplex was joined as a third-party defendant.  Plaintiffs have not provided any justification or excuse for their failure to seek leave to amend at a prior time.  Plaintiffs merely state that they had "not undertaken the formality of moving the Court to amend the Complaint" prior to the filing of the instant motion.  *See* Pls.' Mot. to Amend ¶8.  This Court finds that Plaintiffs did not take advantage of previous opportunities to amend, and did not provide an adequate explanation

12

for their failure.  *See Arthur*, 434 F.3d at 204 ; *Cureton*, 252 F.3d at 273.

Additionally, this Court finds that permitting Plaintiffs to amend the complaint at such a late juncture is substantially prejudicial to Simplex.  Plaintiffs knew (or should have known) about Simplex's potential liability on December 10, 2010 at the latest, which was prior to this case being removed to this Court.  When Plaintiffs filed the instant motion, the deadlines for discovery and dispositive motions had already passed.  Trial is scheduled to commence in approximately seven weeks.  Simplex litigated the case as a third-party defendant – choosing not to notice any depositions, file a motion for summary judgment against Plaintiffs, or develop any claims against Cooper.  Permitting the amendment would require Simplex to now (on the eve of trial) begin defending the lawsuit as a direct defendant (instead of a third-party defendant), which would necessarily require a change of tactics.  *See Cummings*, 2004 WL 906259, at *3.  The proposed amendment would lead to additional discovery and, most likely, an unwarranted delay in the disposition of this case.

In sum, Plaintiffs unduly delayed in seeking to add Simplex as a defendant at an earlier. This delay has substantially prejudiced Simplex.  Plaintiffs' Motion to Amend to assert a breach of warranty claim will be denied on this basis.

**(B)      Simplex's Motion for Entry of Final Judgment**

Simplex has filed a Motion for Entry of Final Judgment, arguing that because there are no pending claims between Plaintiffs and Simplex, this Court should enter final judgment in Simplex's favor.  *See* Simplex's Mem. Law Supp. its Mot. for Entry of Final J. 2-3.  Plaintiffs opposed the motion, but did not directly address Simplex's argument.  *See* Pls.' Reply.

This Court agrees with Simplex.  Simplex is involved in this case solely as a third-party defendant, as no direct claims have been asserted between Plaintiffs and Simplex.  Third-party claims are derivative of the claims asserted between the plaintiff and original defendant.  *See Estate of Burke v. Mahoney City*, 40 F. Supp.2d 274, 287 (E.D. Pa. 1999) (*citing* Fed. R. Civ. P. 14).  "Once the main action is dismissed, third-party claims become moot because a 'third party defendant's liability is secondary to, or derivative of, the original defendant's liability on the original plaintiff's claim.'" *Id.* (*quoting Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982)).  When this Court granted Cooper's unopposed motion for summary judgment, the third party claims between Cooper and Simplex became moot.

Now that this Court denied Plaintiffs' Motion to Amend, there are no pending claims between the remaining parties.  Therefore, this Court grants Simplex's motion, and enters final judgment in its favor.

## III.   CONCLUSION

For the forgoing reasons, this Court denies Plaintiffs' Motion to Amend, and grants Simplex's Motion for Entry of Final Judgment.

An appropriate Order follows.

BY THE COURT:

_____/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

14